Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3534 | **DATE** | 11/10/2003 |
| **CASE TITLE** | Directv, Inc. vs. Gatsiolis, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons given in the attached memorandum opinion, the Motion to Dismiss or Sever [Doc. 27] is granted. The Complaint is dismissed without prejudice against all Defendants except for the first-named Defendant, Alex Gatsiolis.

(11) [For further detail see order attached to the original minute order.]

✓ No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: jar/lc

Date/time received in central Clerk's Office

number of notices
NOV 10 2003 date docketed
docketing deputy initials
date mailed notice
mailing deputy initials

Document Number: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



NOV 1 0 2003

| | |
|---|---|
| DIRECTV, Inc., | ) |
| | ) No. 03 C 3534 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| ALEX GATSIOLIS, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In this lawsuit, Plaintiff DIRECTV, Inc., has sued several Defendants for violations of, among other statutes, provisions of 18 U.S.C. § 2512 under 18 U.S.C. § 2520. Defendant Richard George has filed a Motion to Dismiss or Sever for improper joinder under Rule 21 of the Federal Rules of Civil Procedure. Shortly thereafter, the Court issued Plaintiff a rule to show cause as to why this case should not be dismissed for improper joinder, raising the same issue that Defendant George raised in his motion. Plaintiff submitted its brief in answer to the rule to show cause and the issue is now ripe for decision.

Defendants may be joined in the same action if (1) "there is asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "if any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Misjoinder occurs when a plaintiff fails to satisfy either of these two requirements. Under Federal Rule of Civil Procedure 21, the court may dismiss a misjoined party from an action "on such terms as are just."

The Plaintiff's Complaint readily meets the second requirement of Rule 20. It is beyond dispute that there will be questions of law that are common to all the defendants in this lawsuit. It is equally clear, though, that Plaintiff's Complaint cannot meet the first requirement of the Rule. Each Defendant is alleged to have obtained devices for intercepting DirecTV's satellite signal and to have intercepted the signal without participating in the DirecTV subscriber network. DirecTV also alleges that they each received their devices from the same distribution center. It is there, however, that the similarities end. None of the Defendants are alleged to have acted in concert with any of the others, nor are any of them even alleged to have known one another before they were all named in the same lawsuit. The facts relating to the transaction of one Defendant are distinct from the facts relating to the transaction of each of the other Defendants. Under these circumstances, it is possible and even likely that each Defendant will present separate and unique defenses. The claims against the Defendants arise out of different, albeit similar, facts. The only connection between them is that they each allegedly violated provisions of federal law relating to the piracy of cable television.

DirecTV asserts that under the permissive joinder rules in their broadest form, the Defendants are properly joined because their behavior amounts to a series of transactions that are logically related to one another. The transactions are logically related to one another in the same way that purchases of milk from the grocery store are logically related to one another: each transaction involves a transaction in a similar good for a similar purpose. Beyond that, the similarities end. DirecTV's position broadens the joinder rule too far. The multiple defendants in the actions that DirecTV filed in this Court are clearly misjoined.

DirecTV urges that the Court should sever the misjoined Defendants rather than

2

dismissing them without prejudice to DirecTV's ability to refile separate suits against them. DirecTV's fear is that it could suffer adverse statute of limitations consequences if the suits are dismissed without prejudice. While the Court recognizes the legitimacy of those concerns, DirecTV's fears may not be well-founded. Any action that is refiled (provided that it is refiled relatively quickly) may relate back to the date of the original filing for statute of limitations purposes. Even if for some reason it does not, DirecTV would be free to argue that the statute of limitations should be equitably tolled. Additionally, when DirecTV filed these lawsuits, it was aware (or at least it should have been aware) that its strategy of joining unrelated defendants in the same lawsuit carried with it a risk that the suits would be dismissed without prejudice for improper joinder under Rule 21. Finally, it is unclear what "severance" means in the context of DirecTV's request: will the severed cases proceed under the original case number? Will DirecTV pay filing fees in each of the "severed" cases? Parties must bear the risks of their own litigation choices.

## CONCLUSION

For the reasons set forth in this opinion, Defendant's Motion is granted. The complaint is dismissed without prejudice against all of the Defendants except for the first-named Defendant.

**Enter:**

11/10/03

_____
**David H. Coar**
**United States District Judge**

3